REQUESTED BY: Senator Shirley Marsh Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Marsh:
This is in response to your letter of March 26, 1981, in which you ask our opinion concerning the validity of a present interpretation and application of the state sales and use tax laws, Neb.Rev.Stat. §§ 77-2702 through 77-2713
(Reissue 1976). Specifically you are concerned with the interpretation and application of that law, and a possible amendment to change that interpretation, which applies to the situation where two private individuals exchange automobiles and are in turn liable for sales tax on the entire amounts of their respective transactions without consideration for any `trade-in allowances.'
This interpretation of the sales tax law is presently found in Nebraska Department of Revenue Regulation 1-29, enacted September 15, 1975, and limits the application of a trade-in allowance to transactions involving the receipt of such property by actual retailers involved in the business of selling such property, as opposed to exchanges of property between private individuals. This regulation is in turn based on Neb.Rev.Stat. §§ 77-2702(4)(c)(v) and77-2702(15)(b)(v) (Reissue 1976), which define or provide that a trade-in allowance shall be `the value of tangible personal property taken by a seller in trade as all or part of the consideration for a sale of tangible personal property of any kind or nature.' The definition of a seller is found in Neb.Rev.Stat. § 77-2702(16) (Reissue 1976), and is defined to include only individuals involved in the `business of selling, leasing, or renting tangible personal property.' A strict interpretation of these statutes thus limits the application of the trade-in allowance to transactions involving actual retail sellers of tangible property, and excludes the sale of property between private individuals.
Transactions between private individuals are normally excluded from the application of the sales tax laws, except that the sale of an automobile by a private individual has specifically been included as a taxable transaction by Neb.Rev.Stat. § 77-2702(6)(a) (Reissue 1976). Neb.Rev.Stat. § 77-2703(1)(j) (Reissue 1976), which provides for a sales tax on the sale of motor vehicles, makes no specific provision for the application of a trade-in allowance on sales between private individuals, and hence a strict application of all of the aforementioned statutes limits the application of the trade-in allowance to automobile sales involving an actual retailer. In this regard the Department's present interpretation and application of the sales and use tax laws is not inappropriate. Part of the underlying rational appears to be that the sales tax will eventually be collected on property taken as a trade-in and later resold by a dealer, which is not the case with an exchange of automobiles between private individuals.
This interpretation and application of the sales and use tax laws has been in effect with the Department of Revenue since January 1, 1971, when the first version of the Department's sales and use tax regulations were published. During this period of approximately ten years, the Legislature has made no attempt to change this administrative interpretation through subsequent legislation. Administrative construction of a statute by the department charged with its enforcement, especially if it has long been adhered to, is entitled to great weight in the judicial appraisal of the statute's meaning in Nebraska. This is especially true in instances where such construction has been left undisturbed through several successive legislative sessions. Mogis v.Lyman-Richey Sand and Gravel Corp., 189 F.2d 130 (Neb. 1951).
It is thus our opinion that the present interpretation and application of the sales and use tax laws, as it concerns the exchange of automobiles between private individuals, is valid. It would therefore likely require a substantive legislative amendment to the existing sales and use tax laws, as you have indicated you wish to do, to alter the present administrative interpretation and application of these laws.
Very truly yours, PAUL L. DOUGLAS Attorney General John Boehm Assistant Attorney General